**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASIAN AMERICAN ENTERTAINMENT          )
CORPORATION, LIMITED,                 )
                                                    )  Case No. 2:07-cv-00144-JCM-PAL
                                      Plaintiff,    )
                                                    )  **REPORT OF FINDINGS AND**
vs.                                   )  **RECOMMENDATION**
                                                    )
LAS VEGAS SANDS, INC., et al.,        )
                                                    )
                                       Defendants.    )
_____)

      This matter is before the court on the Notice of Non-Appearance (Dkt. #130) filed by Geoffrey A. Potts, Esq. and Hans R. Baldau, Esq. on behalf of Ken R. Ashworth & Associates on February 5, 2010. The court makes the following findings:

      1.     This case has been pending on remand from the Ninth Circuit since May 18, 2009. See Order on Mandate, Dkt. #66.

      2.     Since that time, the court has held numerous status hearings and discovery dispute resolution conferences to resolve any pending discovery disputes and to bring this case to trial. See, e.g., Minute Orders, Dkt. ##84, 109, 111, 121, 124, 128. Discovery in this case is set to close on March 2, 2010.

      3.     On December 15, 2009, former counsel for Plaintiff filed a Motion to Withdraw (Dkt. #114) and a Sealed Affidavit (Dkt. #115) in support of the Motion. Defendants filed a Response (Dkt. #118) on December 22, 2009.

/ / /

/ / /

/ / /

1      4.    The Motion to Withdraw (Dkt. #114) asserted that Plaintiff was advised as early as June 2009 that counsel would withdraw if Plaintiff could not remedy the issues underlying the Motion to Withdraw.[1]

    5.    On November 30, 2009, when the underlying issue had not been resolved, former counsel advised Plaintiff that it would file a motion to withdraw and urged Plaintiff to find substitute counsel.

    6.    Plaintiff's former counsel also advised Plaintiff on November 30, 2009 that because Plaintiff is a corporation, it could not prosecute this action without counsel.

    7.    The court held a hearing on the Motion to Withdraw (Dkt. #114) on January 12, 2010. See Minute Order, Dkt. #121. Counsel for Plaintiff indicated its position regarding the Motion to Withdraw (Dkt. #114) had not changed, and Plaintiff had not yet retained new counsel.

    8.    Counsel for Defendant stated it had no objection to the Motion to Withdraw (Dkt. #114), but it did not want withdrawal to affect the current discovery deadlines.

    9.    The court granted the Motion to Withdraw (Dkt. #114) and directed Plaintiff to retain new counsel within two weeks.

    10.    The court entered a written order on the Motion to Withdraw (Dkt. #114), ordering Plaintiff to retain new counsel on or before January 26, 2010 and advising Plaintiff that because it is a corporation, it could not prosecute this action without counsel. See Order, Dkt. #123. The court set a continued status conference for January 26, 2010. Id.

    11.    The court warned Plaintiff that "[f]ailure to comply with this Order will result in a recommendation to the District Judge that this matter be dismissed for Plaintiff's failure to prosecute." Id. at 2:11-12.

    12.    On January 26, 2010, the court conducted a status conference. See Minute Order, Dkt. #124. Mr. Potts and Mr. Baldau appeared on behalf of Plaintiff.

/ / /

---

[1] Without revealing the details of the Sealed Affidavit (Dkt #115), Plaintiff had not met its financial obligations to counsel, precipitating counsel's filing the Motion to Withdraw (Dkt. #114).

13. Messrs. Potts and Baldau stated they were contacted by general counsel for Plaintiff on January 22, 2010 to represent Plaintiff. However, Plaintiff's principal, Dr. Hao, was hospitalized, and they were unable to confer with him about retainment.

14. Messrs. Potts and Baldau attempted to obtain as much information as possible about the case and had reviewed documents prior to the January 26th hearing. However, they had not formalized a retention agreement with Plaintiff.

15. At the January 26th hearing, Messrs. Potts and Baldau requested a ten-day continuance to finalize a retention agreement with Plaintiff. Defense counsel did not object to this request. The court granted the request and continued the status conference until February 4, 2010.

15. At the February 4, 2010 hearing, Messrs. Potts and Baldau informed the court that a retention agreement had still not been finalized. They represented that Plaintiff's authorized agent, an attorney in Texas, assured them Plaintiff had the financial ability to prosecute this action and that a retainer would be wired on February 3, 2010. That wire was not sent to Messrs Potts and Baldau as promised, nor did Plaintiff provide the documents necessary to assess whether Plaintiff had the financial wherewithal and commitment to prosecute this case to its conclusion.

16. The court gave Plaintiff until February 5, 2010 to finalize arrangements. The court directed Messrs. Potts and Baldau to immediately inform Plaintiff of the court's order and file a certificate of compliance. See Minute Order, Dkt. #128.

17. The court further ordered that Messrs. Potts and Baldau had until 4:00 p.m. on February 5, 2010 in which to file a notice with the court indicating whether or not they had been retained by Plaintiff, and if they had not, to state the reasons for their inability to confirm as counsel of record. Id.

18. Messrs. Potts and Baldau filed the Notice of Non-Appearance (Dkt. #130) on February 5, 2010. The Notice states that they have not been retained as counsel "due to Plaintiff's inability at this time to provide evidence of sufficient financial resources to see this matter through trial." Notice, Dkt. #130, at 2:1-2.

19. Plaintiff has known since June 2009 that its counsel would move to withdraw if Plaintiff did not meet its obligations to counsel. Interim efforts to resolve the Plaintiff's financial obligations to its counsel were not successful. On November 30, 2009, counsel for Plaintiff advised Plaintiff that it

would file a motion to withdraw and that Plaintiff should seek substitute counsel.  Plaintiff was advised by counsel that as a corporation, it could not prosecute this action without counsel.

20. The court set the Motion to Withdraw (Dkt. #114) for hearing January 12, 2010 to give Plaintiff additional time to contact and make arrangements to retain substitute counsel.  When substitute counsel was not retained by the time of the hearing. the court granted the Motion to Withdraw (Dkt. #114).  The court gave the Plaintiff until January 26, 2010 to retain counsel to make an appearance in accordance with the Local Rules of Practice, again advising Plaintiff that it could not appear except through counsel and that failure to comply with the order would result in the recommendation to the district judge that Plaintiff's case be dismissed.

21. Plaintiff did not retain counsel who were authorized to appear in court as ordered.  Rather, Plaintiff contacted Messrs. Potts and Baldau promising that they would receive a retainer and financial assurance by self-imposed deadlines Plaintiff did not meet.

22. Plaintiff has failed to meet promises and assurances made to prior counsel and prospective counsel on multiple occasions.

23. Plaintiff's willful failure to comply with the court's orders has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  A corporation cannot appear except through counsel.  See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); U.S. v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).  Sanctions less drastic than dismissal are unavailable because Plaintiffs have wilfully refused to comply with multiple court orders and because Plaintiff cannot prosecute this action except through counsel.

Under these circumstances,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to prosecute this action and failure to comply with the court's orders that it retain substitute counsel.

Dated this 11th day of February, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE