MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Ryan M. Lower, Bar No. 9108
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422
sm@morrislawgroup.com
rml@morrislawgroup.com

Richard A. Sauber (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK
        UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411-L
Washington, DC  20006
Telephone:  (202) 775-4500
Facsimile:  (202) 775-4510
rsauber@robbinsrussell.com

Attorneys for Las Vegas Sands, Inc.,
Venetian Casino Resort, LLC, and
Venetian Venture Development, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ASIAN AMERICAN ENTERTAINMENT CORPORATION, LIMITED,<br><br>                  Plaintiff,<br>v.<br><br>LAS VEGAS SANDS, INC., VENETIAN CASINO RESORT, LLC, VENETIAN VENTURE DEVELOPMENT, LLC,<br><br>                  Defendants. | Case No. 2:07-cv-00144-JCM-PAL<br><br>**DEFENDANTS' MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIONS AGAINST PLAINTIFF'S LAWSUIT IN MACAU** |

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

## MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIONS AGAINST PLAINTIFF'S LAWSUIT IN MACAU

Defendants Las Vegas Sands, Inc., Venetian Casino Resort, LLC, and Venetian Venture Development, LLC, move to enjoin Plaintiff Asian American Entertainment Corporation, Limited (AAECL), its proxies, and all those acting in concert with it, from prosecuting a lawsuit it has filed in Macau currently styled as *Asian American Entertainment Corporation Limited (AAECL) v. LVS (Nevada) International Holdings, Inc. (formerly the Venetian Venture Development, LLC), Las Vegas Sands, LLC, Venetian Casino Resort, LLC, and Venetian Macao, S.A.*, Process Number CV2-12-0004-CAO (Court of First Instance, Second Civil Court), and to take all steps necessary to withdraw that Macau lawsuit.  Moreover, AAECL, its proxies, and all those acting in concert with it should be enjoined from commencing and prosecuting any other lawsuit concerning the same claims and issues.  Such an injunction is necessary on the grounds that AAECL submitted the same issues and claims asserted in the Macau lawsuit to the jurisdiction of this Court and, accordingly, its Macau lawsuit (and any other such foreign litigation) contravenes the final judgments and orders of this Court in this action, is

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101 · 702/474-9400 · FAX 702/474-9422

against public policies that are reflected in those judgments and orders, is vexatious and oppressive, and is otherwise inequitable.

MORRIS LAW GROUP

By: ___/s/ STEVE MORRIS_____
     Steve Morris, Bar No. 1543
     Ryan M. Lower, Bar No. 9108
     900 Bank of America Plaza
     300 South Fourth Street
     Las Vegas, Nevada 89101

Richard A. Sauber (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK
     UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411-L
Washington, DC  20006

Attorneys for Las Vegas Sands, Inc., Venetian Casino Resort, LLC, and Venetian Venture Development, LLC

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Las Vegas Sands, Inc., Venetian Casino Resorts, LLC, and Venetian Venture Development, LLC (the "LVS Defendants"), move for preliminary and permanent anti-suit injunctions to prevent Plaintiff Asian American Entertainment Corporation, Limited (AAECL), its proxies, and all those acting in concert with it, from prosecuting a lawsuit that it recently filed in Macau, and any similar litigation that it has filed or will file in the future, in which it purports to re-litigate the same issues and claims against the LVS Defendants that it asserted in this action, and over which it invoked the jurisdiction and judicial process of this Court and the United States Court of Appeals for the Ninth Circuit (Case No. 07-16646).

## PRELIMINARY STATEMENT

Plaintiff AAECL filed the Complaint in the instant case in this Court more than five years ago.  The result of several years of litigation is this Court's dismissal of that Complaint with prejudice because the bulk of AAECL's claims are barred by the statutes of limitations and AAECL abandoned the rest of its lawsuit by "willful[ly] fail[ing] to comply with the court's orders" in a manner that "interfered with the court's ability to hear this case [on remand from the Ninth Circuit], delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice."  2/11/10 Report of Findings and Recommendation ("2/11/10 Findings") (Doc. 132) ¶ 23, *affirmed by* 4/16/10 Order (Doc. 133); *see also* 8/20/07 Judgment (Doc. 52) (affirmed in part, reversed in part, and remanded).

3

Recently, AAECL has filed essentially the *same* complaint against the *same* defendants in Macau.[1]  After burdening the LVS Defendants and this Court for several years, AAECL wants to start over in a foreign tribunal.

The LVS Defendants respectfully ask this Court to enjoin AAECL from prosecuting its lawsuit in Macau or any similar litigation that it has filed or may file in the future.  An injunction is necessary and appropriate to safeguard this Court's jurisdiction, to enforce its judgment and orders, to promote the public interest in finality and repose, and to protect the LVS Defendants from vexatious and unwarranted re-litigation of the issues that were already resolved in this action.  Moreover, preliminary injunctive relief is warranted because the LVS Defendants are already bearing the costs and other burdens of re-litigation in Macau.

## PROCEDURAL HISTORY AND BACKGROUND

1.    *Initial Proceedings*.  AAECL filed its Complaint in this action on February 5, 2007.  Ex. 2 ("Nev. Compl.").[2]  In that Complaint, it asserted "an action for money damages arising from an agreement between [AAECL] and defendant Venetian Venture Development, LLC."  *Id.* ¶ 3.  In particular, AAECL alleged that it and Venetian Venture Development had executed a letter of intent on October 18, 2001, in which they outlined a joint effort to obtain a gaming license in Macau and to develop and operate a casino, hotel, and related facilities there.  Ex. 3 ("Letter of Intent") 1.  Most of the Letter of Intent's provisions were nonbinding proposals that did not impose "any obligation or liability on the parties"; the few provisions reflecting the

---

[1] AAECL's new complaint adds an affiliate of the defendants named in this action. That affiliate's interests coincide with the interests of the defendants who are named in both actions, and so the parties are considered to be the same for purposes of issuing an anti-suit injunction. *See infra* p. 11.

[2] Exhibit numbers refer to the exhibits to the Declaration of Kathryn S. Zecca In Support Of Defendants' Motion for Preliminary and Permanent Injunctions Against Plaintiff's Macau Lawsuit, filed along with this Motion.

4

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

parties' commitments to each other were set to expire (after an initial written extension) on January 15, 2002. *Id.* ¶¶ 10, 12, 13(G) and p. 7; Ex. 4 (11/15/01 Amendment) ¶ 1. The Complaint also contended that on January 15, 2002, the parties *orally* agreed to extend the Letter of Intent's term to February 15, 2002. Ex. 2 (Nev. Compl.) ¶ 19. In any event, one or more of the Defendants terminated the Letter of Intent on or about February 6, 2002. *Id.* ¶ 42.

The crux of AAECL's claims in the Nevada Complaint was its allegation that the LVS Defendants secretly began working with another entity—Galaxy Casino Limited ("Galaxy")—to secure one of the same gaming licenses and related concessions in Macau, and that by doing so the Defendants breached exclusivity and confidentiality provisions of their Letter of Intent with AAECL, as well as certain fiduciary duties allegedly arising out of the relationship contemplated in that document. *See id.* ¶¶ 52–58 (Count I), 66–73 (Count III).[3]

Defendants moved to dismiss AAECL's Nevada Complaint on the ground that its claims were time-barred by Nevada's four-year statute of limitations for breaches of oral (and partly oral) contracts, and Nevada's three-year statute of limitations for breaches of fiduciary duties. Docs. 29, 40. AAECL opposed dismissal and contended that Macau's purportedly lengthier limitations periods applied to its claims. Doc. 35. AAECL also argued, in the alternative, that under Nevada's statutes of limitations its contract claim was subject to a six-year limitations period for actions on

---

[3] The Nevada Complaint also asserted a breach of fiduciary duty claim against two employees of the LVS Defendants, William P. Weidner and David Friedman. Ex. 2 (Nev. Compl.) ¶¶ 59–65 (Count II). The Ninth Circuit affirmed this Court's dismissal of the cause of action against Messrs. Weidner and Friedman, and so they are no longer defendants in this action. Moreover, Mr. Weidner and Mr. Friedman are neither currently employed by any LVS entity nor named as a defendant in AAECL's Macau Complaint.

5

written contracts, rather than the four-year limitations period for actions on oral contracts. *Id.* This Court dismissed the Nevada Complaint without prejudice (Docs. 47–48), and then with prejudice (Docs. 51–52) after AAECL provided notice that it would not file an amended complaint (Doc. 49).

2.    *Ninth Circuit Appeal.* AAECL appealed. *See* Doc. 53. It reiterated its primary legal argument that Macau's statutes of limitations applied to its claims, and its alternative argument that its contract claim should survive under Nevada's six-year limitations period. AAECL also asked the Ninth Circuit to reassign this case, on remand, to a different District Judge "[i]n light of the district court's premature and unreasoned decision in this case." Appellant's Opening Br., No. 07-16646, 2007 WL 4856760 (9th Cir. Dec. 21, 2007).

The Ninth Circuit substantially affirmed. *See Asian American Entertainment Corp., Ltd. v. Las Vegas Sands, Inc.*, 324 F. App'x 567 (2009). It agreed that Nevada's statutes of limitations governed Plaintiff's claims. *Id.* at 568. It therefore concluded that AAECL's fiduciary-duty claims (Counts II and III) were time-barred. *Id.* at 569. With regard to AAECL's contract claim (Count I), the Ninth Circuit reversed *only* to the extent that Nevada's six-year limitations period should apply to the claim "insofar as it is premised on pre-extension conduct" (*i.e.*, conduct prior to the alleged January 15, 2002, oral extension). *Id.* The Ninth Circuit denied AAECL's request for reassignment of the case on remand. *Id.* Its mandate issued on May 6, 2009. Doc. 64.

3.    *Proceedings on Remand.* On June 19, 2009, the LVS Defendants filed a motion to dismiss the remaining contract claim, or for a more definite statement in light of the Ninth Circuit's ruling. This Court denied that motion, and the LVS Defendants answered the Complaint. Docs. 97, 101. Around the same time, Magistrate Judge Leen approved a proposed

discovery plan and scheduling order submitted by the parties. Docs. 79, 82, 84, 86. But while all of these proceedings were underway, AAECL's counsel informed its client that it would have to withdraw from this action if certain "financial obligations" related to the prosecution of this case were not be resolved. *See* 2/11/10 Findings (Doc. 132) ¶¶ 4, 19. Ultimately, those issues were not resolved, and AAECL's counsel informed its clients that it would withdraw from the action, "urged Plaintiff to find substitute counsel," and moved to withdraw 15 days later. *Id.* ¶¶ 3, 5.

The Court granted AAECL's counsel's Motion to Withdraw, and ordered AAECL to retain new counsel within two weeks—warning that "'[f]ailure to comply with [that] Order will result in a recommendation to the District Judge that this matter be dismissed for Plaintiff's failure to prosecute.'" *Id.* ¶¶ 9–11 (quoting 1/13/10 Order (Doc. 123)). Despite additional hearings and multiple continuances, AAECL never finalized arrangements to retain new counsel to prosecute what remained of this action. *See id.* ¶¶ 12–18. Magistrate Judge Leen therefore recommended that the case be dismissed with prejudice based on her finding that AAECL "did not retain counsel who were authorized to appear in court as ordered," "failed to meet promises and assurances made to prior counsel and prospective counsel on multiple occasions," and "willfully refused to comply with multiple court orders." *Id.* ¶¶ 21–23. Magistrate Judge Leen further found that AAECL's "willful failure to comply with the court's orders has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice." *Id.* ¶ 23. This Court affirmed that report and recommendation, and dismissed this action "for failure to prosecute

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101

702/474-9400 · FAX 702/474-9422

this action and failure to comply with the court's order that [AAECL] retain substitute counsel." 4/16/10 Order (Doc. 133).

    4.    *Macau Complaint*.  Nearly two years after this Court's dismissal of the last of the Nevada Complaint, and nearly five years after AAECL filed this action, AAECL filed suit against Las Vegas Sands, LLC (successor to defendant Las Vegas Sands, Inc.), LVS (Nevada) International Holdings, Inc. (successor to defendant Venetian Venture Development, LLC), Venetian Casino Resort, LLC, and Venetian Macau, S.A., in Macau's Court of First Instance.  *See* Ex. 1 (Common Claim, CV2-12-0004-CAO) ("Macau Compl.") (translated from Portuguese); *see also* Ex. 6 (original Macau Complaint in Portuguese).

    The Macau Complaint's principal allegation, like that of its Nevada predecessor, is that "the Defendants breached all obligations contained in the [Letter of Intent, as amended]" (*id.* ¶ 159), including its confidentiality clause and provisions about information-sharing with third parties (*id.* ¶¶ 157–158).  *See also id.* ¶¶ 15–30, 35–36 (alleging facts concerning the Letter of Intent).  AAECL purports to support that primary allegation with a series of contentions about the parties' participation in Macau's gaming-license tender-submission process that are nearly identical to its allegations in the Nevada Complaint.  For example, both Complaints describe the LVS Defendants' cooperation in AAECL's December 2001 tender submission,[4] their participation in AAECL's January 2002 presentations in support of that tender submission,[5] LVS's discussions with Galaxy leading up to Galaxy's February 2002 tender submission and the termination of the AAECL-LVS

---

[4] Compare Ex. 1 (Macau Compl.) ¶¶ 37–45, with Ex. 2 (Nev. Compl.) ¶ 21.
[5] Compare Ex. 1 (Macau Compl.) ¶¶ 55–59, 63–64, with Ex. 2 (Nev. Compl.) ¶¶ 24–25.

Letter of Intent,[6] and the award of a gaming license to Galaxy and not to AAECL.[7]  Finally, the Macau and Nevada Complaints assert the same source for AAECL's damages: the LVS Defendants' profits from their gaming business in Macau.[8]

## ARGUMENT

This Court should preliminarily and permanently enjoin AAECL from continuing to pursue its extraordinary re-litigation of claims that this Court has already resolved with prejudice.  AAECL cannot be permitted to burden this Court and the LVS Defendants with three years of litigation in this District—including an appeal to the Ninth Circuit—simply as a prelude to restarting the lawsuit in another forum.  This Court's equitable powers undoubtedly include the "ability to enter an anti-suit injunction . . . to restrain a party subject to its jurisdiction from proceeding in foreign court in circumstances that are unjust."  *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989 (9th Cir. 2006); *see also Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 855 (9th Cir. 1981).  In particular, the Ninth Circuit has held, "'[f]oreign litigation may be enjoined'" when [a] the "'parties and issues are the same'" such that "'the first action is dispositive of the action to be enjoined,'" [b] "the impact on comity is tolerable," and [c] any one of four factors are present: the foreign litigation would "'(1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable considerations.'"  *Gallo*, 446 F.3d at 990–91 (quoting *Seattle Totems*, 652 F.2d at 855 and *Sun*

---

[6] Compare Ex. 1 (Macau Compl.) ¶¶ 62, 87–108, with Ex. 2 (Nev. Compl.) ¶¶ 24, 33–42.

[7] Compare Ex. 1 (Macau Compl.) ¶ 109, with Ex. 2 (Nev. Compl.) ¶¶ 45-47.

[8] Compare Ex. 1 (Macau Compl.) ¶¶ 127–41, with Ex. 2 (Nev. Compl.) ¶¶ 48–51 & p. 25.

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101 · 702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

1  *World, Inc. v. Lizarazu*, 804 F. Supp. 1264, 1267 (E.D. Cal. 1992)); *see also*

2  *Applied Med. Distrib. Corp. v. Surgical Co. BV*, 587 F.3d 909, 913 (9th Cir.

3  2009).  An anti-suit injunction binds the party—in this case, AAECL—and

4  not the foreign court.  *Gallo*, 446 F.3d at 989.  Rule 65 of the Federal Rules of

5  Civil Procedure provides the Court with the authority to effectuate its order

6  by likewise binding AAECL's proxies, and others acting in concert with it,

7  from pursuing the Macau lawsuit on AAECL's behalf.  *See, e.g.*, *Motorola*

8  *Credit Corp. v. Uzan*, No. 02-Civ-666 (JSR), 2003 WL 56998, at *1, *3 & n.2

9  (S.D.N.Y. Jan. 7, 2003) (enjoining the "defendants, their proxies, and all

10  others in concert with them" from pursuing certain foreign proceedings).

11      In this case, the circumstances undoubtedly satisfy the *Gallo* standard.

12  The two Complaints' defendant rosters are nearly identical; the Macau

13  Complaint merely adds a fourth, affiliated entity whose interests (and

14  liability) perfectly coincide with the others.  Moreover, AAECL's Macau

15  Complaint is nearly identical to—and is plainly the functional equivalent

16  of—its Nevada Complaint.  And although the presence of *one* equitable

17  factor favoring injunctive relief would suffice, *three* are present:  the Macau

18  litigation frustrates the policies of this District in enforcing the finality of its

19  judgments and the statutes of limitations, it represents vexatious and

20  oppressive re-litigation of duplicative claims, and it exacerbates the

21  inequities resulting from AAECL's willful abandonment of its litigation in

22  this District in defiance of this Court's lawful orders.  Finally, an anti-suit

23  injunction would have no effect on comity because it will enforce the

24  jurisdiction of the Court in which AAECL *voluntarily chose* to litigate its

25  claims about a private contract and a corresponding relationship between

26  private parties.

27      Finally, these circumstances warrant preliminary relief in anticipation

28  of a permanent injunction.  The LVS Defendants are substantially likely to

demonstrate that the *Gallo* standard has been satisfied in this case, and *Gallo* held that such a showing is sufficient, in and of itself, to warrant a preliminary anti-suit injunction.  But what is more, interim relief is necessary to relieve the LVS Defendants of the considerable burdens they are already facing in the Macau litigation.

**I.   This Nevada Action Is Dispositive of AAECL's Macau Lawsuit Because It Implicates the Same Parties and Issues**

In this Circuit, "the first step in determining whether an anti-suit injunction is appropriate is to determine 'whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined.'"  *Gallo*, 446 F.3d at 991 (quoting *Sun World*, 804 F. Supp. at 1267).

**A.   The Parties Are The Same**

AAECL is the only plaintiff in both the Nevada and Macau actions. Compare Ex. 2 (Nevada Compl.) at ¶¶ 3–4 with Ex. 1 (Macau Compl.) at 1. The three remaining defendants in this action are three of the four named defendants in the Macau action.  Nevada Defendant Las Vegas Sands, Inc., is named in the Macau Complaint as Las Vegas Sands LLC.  Compare Ex. 2 (Nev. Compl.) ¶ 5 with Ex. 1 (Macau Compl.) at 1.[9]  Nevada Defendant Venetian Casino Resort, LLC, is also named in the Macau Complaint. Compare Ex. 2 (Nev. Compl.) ¶ 6 with Ex. 1 (Macau Compl.) at 2.  And Nevada Defendant Venetian Venture Development, LLC, is named in the Macau Complaint by its successor name, LVS (Nevada) International Holdings, Inc.  Compare Ex. 2 (Nev. Compl.) ¶ 7 with Ex. 1 (Macau Compl.) at 1.

The only defendant named in the Macau Complaint that was not named in the Nevada Complaint is Venetian Macau, S.A., an affiliate and

_____

[9] *See also* Ex. 1 (Macau Compl.) ¶ 9 (Las Vegas Sands, LLC, was known as Las Vegas Sands, Inc., during the relevant period).

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101 · 702/474-9400 · FAX 702/474-9422

subsidiary of the LVS Defendants established after the events alleged in the Complaint and against whom there is no conceivable theory of liability. But "[p]erfect identity of parties is not required for an anti-suit injunction. Rather, it suffices that the parties be affiliated in such a way that their interests coincide." *Zynga, Inc. v. Vostu USA, Inc.*, 816 F. Supp. 2d 824, 828 (N.D. Cal. 2011) (citing *Int'l Equity Invs., Inc. v. Opportunity Equity Fund Partners*, 441 F. Supp. 2d 552, 562 (S.D.N.Y. 2006) ("Where parties to the two actions are affiliated or substantially similar, such that their interests are represented by one another, courts have found the [identity-of-parties] requirement is met.")). Likewise, parties to two actions are considered to be the same for the purpose of issuing an anti-suit injunction if a party named in one action "controls" the party named in the other action. *See Int'l Equity Invs.*, 441 F. Supp. 2d at 562. Here, Venetian Macau, S.A., is a subsidiary of the other defendants, and its interests in the Macau litigation coincide perfectly with the interests the LVS Defendants advanced successfully in the Nevada litigation. In fact, Venetian Macau, S.A., was not established until June 2002[10]—months *after* the LVS Defendants' alleged misconduct during the tender-submission process—and it appears to have been added to the Macau Complaint only to describe the combined entities' gaming-business profits after being awarded the right to operate casinos in Macau. *See, e.g.*, Ex. 1 (Macau Compl.) ¶¶ 121–129.

    **B.**    **The Issues Are the Same**

    The Nevada and Macau litigations unquestionably raise the same issues concerning the parties' 2001–2002 relationship relating to the tender-submission process for seeking a gaming license and related concessions in Macau. "In cases like this where the parties are the same, whether the

---

[10] *See* Ex. 5 (Sands China Ltd. Global Offering (Nov. 16, 2009)) pp. 21, I-60 (referring to Venetian Macau, S.A., by its English-language name, Venetian Macau Limited (VML).

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101

702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

issues are the same and the first action dispositive of the action to be enjoined are interrelated requirements" because "issues are functionally the same if one action is dispositive of the other." *Applied Med. Distrib.*, 587 F.3d at 915. "[T]he Ninth Circuit does not require foreign claims to be identical in form to the local claims" (*id.* at 918), and so issues are considered to be the same when a "functional inquiry" (*id.* at 915) reveals that "the issues before the court" in the foreign action are the same ones "before the court" in the domestic action (*Gallo*, 446 F.3d at 991).

     The result of that "functional inquiry" is not in doubt here. The Macau Complaint is premised on a paragraph-by-paragraph recitation of the same Letter of Intent that was at the heart of the Nevada Complaint, and similar allegations concerning its written amendment, alleged oral amendment, and termination by the LVS Defendants. *See* Ex. 1 (Macau Compl.) ¶¶ 15–30, 33–35, 61, 73–80, 82–83, 100–108. The primary claim for damages is one and the same: that the LVS Defendants secretly abandoned a contractual joint venture and tender submission with AAECL in order to join a competing tender submission by Galaxy, and that by doing so they violated various contractual obligations and other duties they held to AAECL. *See, e.g.*, *id.* ¶¶ 62, 65–66, 68, 84–99. Those claims and issues have been resolved against AAECL with prejudice in this Court's dispositive final judgments and orders. *See* 8/20/07 Judgment (Doc. 52) (affirmed in part, reversed in part, and remanded); 4/16/10 Order (Doc. 133); *see also* Fed. R. Civ. P. 41(b) (absent an express statement to the contrary, involuntary dismissal for failure to prosecute "operates as an adjudication on the merits").

     In short, the translation of the Nevada Complaint's allegations into Macau's official Portuguese cannot obscure the fact that the two Complaints are nearly identical: both assert claims for monetary damages and other relief arising out of the same Letter of Intent, alleged joint venture, and

tender-submission process—cataloging the same alleged misdeeds on Defendants' part that supposedly caused AAECL to suffer losses when it failed to obtain a gaming license in Macau.

## II. Equity Demands an Injunction Against AAECL's Prosecution of Its Macau Lawsuit

Where—as here—domestic and foreign litigation involves the same issues and parties, equity favors an anti-suit injunction when foreign litigation would "'(1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable considerations.'" *Gallo*, 446 F.3d at 990 (quoting *Seattle Totems*, 652 F.3d at 855). The factors are "disjunctive" such that "if *any* of the four elements is present, an anti-suit injunction may be proper." *Id.* (emphasis added). The equities overwhelmingly call for an injunction in this case—*three* of the four *Gallo* factors are demonstrably present.[11]

1.      AAECL's prosecution of the Macau Complaint will frustrate at least two policies of this forum. *See Gallo*, 446 F.3d at 990. For one thing, AAECL's attempt at getting Macau's courts to weigh in on issues this Court already resolved by final judgment "is little more than a thinly veiled attempt to take a second bite at the apple." *Oracle Am., Inc. v. Myriad Group AG*, No. C 10-05604, 2012 WL 146364, at *5–6 (N.D. Cal. Jan. 17, 2012) (granting a preliminary anti-suit injunction). Allowing AAECL to proceed on this track would "frustrate and contravene the policy against . . . inconsistent judgments [and] forum shopping." *Id.* at *5. As the Ninth Circuit has emphasized, "courts 'have a duty to protect their legitimately conferred jurisdiction to the extent necessary to provide full justice to

---

[11] Only the consideration of threats to the forum's *in rem* or *quasi in rem* jurisdiction are not implicated by the circumstances of this case. *See Gallo*, 446 F.3d at 990.

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

litigants.  Thus, when the action of a litigant in another forum threatens to paralyze the jurisdiction of the court, the court may consider the effectiveness and propriety of issuing an [anti-suit] injunction.'"  *Gallo*, 446 F.3d at 995 (quoting *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 927 (D.C. Cir. 1984)) (alteration in original).  Any conceivable resolution of the Macau proceedings in AAECL's favor is virtually guaranteed to "result in inconsistent rulings" between that tribunal and this one.  *Seattle Totems*, 652 F.2d at 856; *see also id.* (approving, as part of the "equitable balance," a court's consideration of its "'interest . . . in promoting the efficient administration of justice'").

In this respect, this case is like *Applied Medical Distribution*, where a party's "subsequent filing" of foreign litigation over the same issues and against the same parties "raise[d] the concern that it [was] attempting to evade the rightful authority of the district court."  587 F.3d at 921.  In that case, the Ninth Circuit emphasized that "a substantial portion" of the monetary damages that a party sought in its foreign lawsuit arose out of a claim for damages that "the district court already held [the party] was not entitled to."  *Id.*  Indeed, the Ninth Circuit chided the two-forum litigant for "not so much as acknowledg[ing] that allowing it to proceed in its [foreign] action would effectively abrogate the United States District Court's judgment that [the party was] not entitled to [its claimed damages]."  *Id.*

So too, here.  AAECL is seeking the same monetary damages, based on the same conduct, and arising out of the same contractual and business relationships, that gave rise to its unsuccessful action in this Court.  This Court has already denied those claims in final judgments entered against AAECL *with prejudice*.  *See* 8/20/07 Judgment (Doc. 52) (affirmed in part, reversed in part, and remanded); 4/16/10 Order (Doc. 133); *see also* Fed. R. Civ. P. 41(b).  "When the [anti-suit] injunction is requested after a previous

15

judgment on the merits, there is little interference with the rule favoring parallel proceedings" and "a court may freely protect the integrity of its judgments by preventing their evasion through vexatious or oppressive relitigation." *Laker Airways*, 731 F.2d at 928.  For that reason, public policy demands that this Court's adjudication of AAECL's claims mark the end of the road, not the beginning of a new one.

For another thing, re-litigation of the adjudicated claims in Macau is an obvious end-run around the statutes of limitations enforced by this Court's dismissal of AAECL's Nevada Complaint, and the Ninth Circuit's affirmance of that judgment in substantial part.  Both courts held that Nevada's limitations periods apply to this litigation, and that AAECL's fiduciary-duty claims and the bulk of its contract claim are time-barred.  Defendants have justifiably relied on the finality of those judgments and the repose provided by the applicable limitations periods.

2.     Restarting this litigation and resurrecting old claims in a foreign forum is also vexatious and oppressive.  AAECL *chose* to litigate its claims in this District—it asserted this Court's jurisdiction to resolve its dispute with the LVS Defendants, and then reiterated that jurisdictional invocation when it took an appeal to the Ninth Circuit.  For AAECL now to re-litigate the same issues, against the same parties, in Macau nearly *five years* after filing its Nevada Complaint (and more than *ten years* after the relevant events) is plainly vexatious and oppressive to the LVS Defendants.  *See Gallo*, 446 F.3d at 990; *see also Seattle Totems*, 652 F.2d at 853 (noting a 27-month period between the filing of a domestic action and the filing of a foreign one).

Where—as here—the "validity" and enforceability of particular private contracts are "a central issue[s]" in both the foreign and domestic litigations, the duplicative litigation of those issues "is likely to result in

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

unnecessary delay and substantial inconvenience and expense to the parties and witnesses." *Seattle Totems*, 652 F.2d at 856.  Other courts have recognized, for example, that when parties to a domestic lawsuit "ha[ve] already defended [a plaintiff's] claims on the same transactions and prevailed in final judgments . . . it would be an inequitable hardship to require [them] to devote the time and expense to defend itself against the same claims [abroad]." *Commercializadora Portimex S.A. de C.V. v. Zen-Noh Grain Corp.*, 373 F. Supp. 2d 645, 649 (E.D. La. 2005); *see also Home Healthcare Affiliates of Miss., Inc. v. North Am. Indem. N.V.*, No. 1:01-CV-489-D-A, 2003 WL 22244382, at *3 (N.D. Miss. Aug. 7, 2003) (similar).

      3.      Other "equitable considerations" also militate in favor of an injunction against prosecution of the Macau lawsuit.  *See Gallo*, 446 F.3d at 990.  In particular, due consideration must be given to AAECL's defiance of this Court's orders and its other tactics of delay and obfuscation during its prosecution of its action in this District.  After unsuccessfully litigating its fiduciary-duty claims and the bulk of its contract claim before this Court and the Ninth Circuit, AAECL simply walked away from its remaining claims through a pattern of misdirection and willful disregard of the judicial process.  Over a two-month period in late 2008 and early 2009, AAECL ignored its obligations, and orders of this Court, that it retain counsel to continue the prosecution of its claim.  Multiple hearings were held and orders were issued before Magistrate Judge Leen found that AAECL had "willful[ly] fail[ed] to comply with the court's orders" in a manner that "interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice."  2/11/10 Findings (Doc. 132) ¶ 23, *affirmed by* 4/16/10 Order (Doc. 133).  This pattern of disrespect for this

Court demonstrates that AAECL has already involved the LVS Defendants in "messy [and] protracted" litigation, placing this among the "paradigmatic case[s]" in which the circumstances abundantly justify an anti-suit injunction.  *Gallo*, 446 F.3d at 995.

What is more, AAECL apparently still faces the very same financial constraints that likely led to its failure to prosecute its action in this District, and so there is every reason to believe that its prosecution of the Macau lawsuit will be similarly stymied by delay and dereliction.  In fact, the Macau Complaint states that a Macanese court dissolved AAECL on November 3, 2005, and that it is "currently in [the] process of liquidation." Ex. 1 (Macau Compl.) ¶¶ 162–163.  AAECL further admits that it "is not exercising any business activity," "[i]t has no assets or income," it does not have "a bank account," and does not "have sufficient financial means to pay, even in part, the costs (court fees and charges)" of its Macau lawsuit.  *Id.* ¶¶ 166–170.[12]  Defendants should not—*once again*—be put to the considerable expense and burden of litigating decade-old claims against a corporate plaintiff that plainly lacks the means to fairly and fully prosecute its claims.

## III.   An Injunction Will Not Have an Intolerable Impact on Comity

Any impact on comity from issuance of an anti-suit injunction in this case is undoubtedly tolerable—indeed, it is hard to fathom any impact on comity at all.  For one thing, "[c]omity is not required where the [foreign] action was filed after the U.S. action for the sole purpose of interfering with the U.S. suit."  *Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1069 (9th Cir. 2007).  International comity simply is not implicated

---

[12] And yet the Macau litigation exists and continues.  The Macau Complaint provides evidence that this is, at least in part, the result of directions from individuals affiliated with AAECL.  See Ex. 1 (Macau Compl.) 45 ("Proxy").  Under the circumstances, this Court's injunction should apply to AAECL's proxies and others acting in concert with it to pursue the litigation.  *See supra* p. 10.

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

where a litigant is making an end-run around its own, first-choice forum. "[W]here one court has already reached a judgment—on the same issues, involving the same parties—considerations of comity have diminished force." *Paramedics Electromedicina Comercial, LTDA v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004); *see also Laker Airways*, 731 F.2d at 939 (comity is ordinarily implicated by "*concurrent* proceedings based on the same transitory claim, *at least until a judgment is reached in one action*" (emphasis added)).  Just like cases involving forum-selection clauses, a dispute does "not implicate comity at all" where the foreign litigant had originally "agreed to litigate [its] dispute[]" in the domestic forum by choosing to file suit there and litigating that dispute to final judgment.  *Id.*  The Ninth Circuit has squarely rejected that there are any comity concerns in cases—like this one—where a party resorts to a foreign tribunal only *after* having its claims resolved against it in a domestic court.  *See Applied Med. Distrib.*, 587 F.3d at 921.

For another thing, the Ninth Circuit has twice held that "where there is 'no public international issue raised,' a foreign government is not involved in the litigation, and the litigation involves private parties concerning disputes arising out of a contract," there is no intolerable impact on comity.  *Applied Med. Distrib.*, 587 F.3d at 921; *see also Gallo*, 446 F.3d at 994.  In this case, like in *Gallo*, the first and third of these considerations merge—no "public international issue is raised in this case" *because* AAECL is merely "a private party in a contractual dispute with [other] private part[ies]."  *Gallo*, 446 F.3d at 994.  Where the local action "deals with enforcing a contract and giving effect to substantive rights," the case "in no way breaches norms of comity."  *Id.*

Finally, there is no indication that the government of Macau is involved in this litigation.  *See Gallo*, 446 F.3d at 994.  The Macanese

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

government did not intervene in the litigation in this Court, nor did it file any brief or other document on appeal to the Ninth Circuit.  To the extent Macau has *any* interest in this litigation, there is no reason to doubt that such an interest can be "vindicated by other fora applying [Macanese] law where appropriate." *Applied Med. Distrib.*, 587 F.3d at 920.[13]  At most, any effect on comity that could be teased out of these circumstances is negligible, and certainly tolerable.

## IV.    A Preliminary Injunction Should Issue Under the Circumstances

In *Gallo*, the Ninth Circuit addressed when a court should issue a preliminary anti-suit injunction, concluding that "[t]he suitability of an anti-suit injunction involves different considerations from the suitability of other preliminary injunctions."  446 F.3d at 990.  In particular, the court held that a court "'only need address whether [the injunction seeker] showed a significant likelihood of success on the merits'" where the "'merits'" is a demonstration "'that the factors specific to an anti-suit injunction weigh in favor of granting [the] injunction.'" *Id.* at 990–91 (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 n.19 (5th Cir. 2003)); *see also id.* at 991 (a movant "need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction").  For all of the reasons addressed above, those factors overwhelmingly favor a *permanent* anti-suit injunction, and so the LVS Defendants accordingly have shown a "significant likelihood of success on the merits" sufficient to justify a *preliminary* anti-suit injunction under *Gallo*.

---

[13] The addition to the Macau Complaint of a Macanese defendant not named in the Nevada Action—Venetian Macau, S.A.—seems to be a thinly veiled effort to bolster a nexus to Macau's courts given that such an entity did not even exist at the time of the events alleged in the new complaint. *See supra* pp. 11-12 & n. 10.

What is more, even though a demonstration of irreparable harm or hardship is not required by *Gallo*'s modified preliminary-injunction standard, the Macau lawsuit is active and ongoing, and so the LVS Defendants are already incurring the costs and other burdens of defending against that vexatious and duplicative litigation. *See Gallo*, 446 F.3d at 990 (noting that the "traditional" preliminary-injunction standard asks whether there is "'the possibility of irreparable injury'" or if "'the balance of hardships tips sharply in [movant's] favor'"). As explained by the LVS Defendants' counsel in Macau, work must begin immediately (at considerable expense) on a substantial response to AAECL's Macau Complaint that is due in less than three months—at which time the LVS Defendants must pay a court fee of nearly $200,000. See Declaration of Luís Cavaleiro de Ferreira ¶¶ 5–7. Preliminary relief is necessary to preserve the status quo and ensure that the LVS Defendants are left unperturbed by the AAECL's prosecution of the Macau litigation while this Court decides whether such prosecution should be permanently enjoined.

## CONCLUSION

Defendants respectfully request that this Court preliminarily and permanently enjoin AAECL, its proxies, and all those acting in concert with it, from prosecuting its duplicative, vexatious, and oppressive lawsuit in Macau, and from commencing or prosecuting any other lawsuit on the same claims and issues, on the grounds that such foreign litigation undermines this Court's jurisdiction, judgment, and orders in a nearly five-year-old action that AAECL filed and litigated in this District involving the same parties and concerning the same issues.

MORRIS LAW GROUP


By:___/s/ STEVE MORRIS_____
    Steve Morris, Bar No. 1543
    Ryan M. Lower, Bar No. 9108
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada 89101

Richard A. Sauber (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK
    UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411-L
Washington, DC  20006

Attorneys for Las Vegas Sands, Inc., Venetian
Casino Resort, LLC, and Venetian Venture
Development, LLC

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that **DEFENDANTS' MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIONS AGAINST PLAINTIFF'S LAWSUIT IN MACAU** were served via electronic service.  I have also served Plaintiff Asian American Entertainment Corporation, Limited (AAECL), by the following means:

(1)     By FedEx international priority delivery to AAECL's "head office" as stated on page 1 of AAECL's claim filed in Macau (process number CV2-12-0004-CAO):

> Asian American Entertainment Corporation Limited
> Alameda Dr. Carlos de Assumpção, no. 180
> Tong Nam Ah Central Comércio
> 17th Floor H and I
> Macao

(2)  By FedEx international priority delivery to AAECL's "legal representative" in Macau, as stated in its claim filed in Macau (process number CV2-12-0004-CAO):

> Mr. Jorge Menezes
> Avenida da Praia Grande, Nos. 730-804
> Edif. China Plaza, 7th Floor G
> Macao

(3) By FedEx overnight delivery to AAECL's former counsel in this action at the following addresses:

> Ross C. Goodman
> Goodman Law Group
> 520 South Fourth Street, 2nd Floor
> Las Vegas, Nevada 89101

> Joel L. Wohlgemuth
> Adrienne L. Barnett
> Norman Wohlgemuth Chandler & Dowdell
> 2900 Mid-Continent Tower
> 401 South Boston Ave.
> Tulsa, Oklahoma 74103-4023

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

(4)  By Federal Express overnight delivery to AAECL's prospective counsel, who filed a notice of non-appearance on AAECL's behalf in this action on February 5, 2010 (Doc. 130):

> Ken R. Ashworth
> Hans R. Baldau
> Geoffrey Potts
> Ken R. Ashworth & Associates
> 1057 Whitney Ranch Drive, Suite 350
> Henderson, Nevada 89014

Dated this 20th day of April, 2011.

By: /s/ PATRICIA FERRUGIA