**Ross C. Goodman, Esq.**
**Nevada State Bar No. 7722**
**GOODMAN LAW GROUP**
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ASIAN AMERICAN ENTERTAINMENT CORPORATION, LIMITED, a Macau Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SANDS, INC., a Nevada corporation; VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; VENETIAN VENTURE DEVELOPMENT, LLC, a Nevada limited liability company; WILLIAM P. WEIDNER, an individual; and DAVID FRIEDMAN, an individual,<br><br>Defendants. | Case No: 2:07-cv-00144-JCM-PAL<br><br>**RESPONSE TO DEFENDANTS' MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, Asian American Entertainment Corporation, Ltd. ("AAECL") files this Response to Defendants' Motion for Preliminary and Permanent Injunction.

**INTRODUCTION**

This matter should not be before this Court. This case has been dismissed with prejudice shortly after Defendants' filed their Answer for Plaintiff's "failure to prosecute" this action before reaching the merits of the controversy. As a threshold matter, the dismissal of this case more than two (2) years earlier divested this Court of jurisdiction to even consider the instant motion.

The procedural bar triggering this dismissal based on Plaintiff's failure to "obtain substitute counsel" does not carry claim-preclusive effect given that the underlying substantive claims raised in the Macau litigation were never adjudicated in the Nevada action. Moreover, the rarely issued anti-suit injunction Defendants seek generally apply only to parallel proceedings involving "property within the court's boundaries" or where a threat exists from a foreign forum to carve out "exclusive jurisdiction." In addition, the dismissal of Plaintiff's claims more than two (2) years earlier makes any threat to this Court's jurisdiction (if any exists) or impact on comity non-existent making any consideration of such an injunction inapplicable.

Accordingly, an anti-suit injunction cannot serve as the basis to enjoin a Macuan corporation from maintaining a lawsuit in Macau where the substantive claims of the Macau license at issue has never been actually litigated.

**A. This Court Lacks Jurisdiction to Consider An Anti-Suit Injunction.**

The case was dismissed with prejudice on April 16, 2010. (See Docket No. 133). Two years later, on April 20, 2012, Defendants filed their Motion for Preliminary Injunction and Motion for Permanent Injunction, seeking the extraordinary relief of an injunction of civil litigation pending in a foreign country. (See Docket Nos. 135, 136). Notably, there is nothing in the dismissal order that would render a timely filed and properly pending case in Macau from being fully litigated. A court loses jurisdiction over a judgment once the order for dismissal with prejudice is entered. *SFPP, L.P. v. Dist. Ct.,* 123 Nev. 608, 612, 173 P.3d 715, 717 (2007) ("once a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure.")

As a result of the final judgment, this Court lacks jurisdiction to conduct any further proceedings with respect to the matters resolved in the judgment more than two (2) years earlier. The procedural bar based on Plaintiff's inability to hire substitute counsel only prevents Plaintiff

from re-filing similar claims in this Court but does not in any way prohibit Plaintiff from maintaining its lawsuit in Macau.

### B. The Procedural Nature Underlying the Dismissal Prevented This Court From Adjudicating the Substantive Rights of Plaintiff's Claims And Does Not Bar Plaintiff From Maintaining Litigation Independently in Macau.

There is no claim-preclusive effect attached to the dismissal order since the Court did not pass upon the substantive merits of Plaintiff's claims. As the *Semteck Internnational* Court held in addressing the phrase "adjudication upon the merits", "Rule 41(b) sets forth nothing more than a default rule for determining the import of a dismissal." *Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 503 (2001). The Court discussed the distinction between a dismissal "upon the merits" on statute of limitations grounds and an adjudication upon the merits which "passes directly on the substance of a claim" and is claim preclusive. *Id.* at 497. The Court noted that while "the original connotation of a judgment 'on the merits' was one that passes directly on the substance of a claim (which would be claim preclusive), the meaning of the term has undergone change, and does not necessarily designate a judgment effecting claim preclusion." *Id.* at 497-98.

"[T]he traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Id.* at 504; Restatement sec 19, Comments a, at 161 ("The protoyp[ical] [judgment on the merits is] one in which the merits of [a party's] claim are in fact adjudicated [for or] against the [party] after trial of the substantive issues"). As noted in *Semteck Internnational*, "if California law left petitioner free to sue on this claim in Maryland even after the California statute of limitations had expired, the federal court's extinguishment of that right (through Rule

41(b)'s mandated claim-preclusive effect of its judgment) would seem to violate this limitation.[1] *Id.* at 504.

The procedural bar resulting in the dismissal of this action due to Plaintiff's inability to hire substitute counsel is even of less import than a dismissal due to statute of limitations. At a minimum, as in *Semteck International,* Plaintiff's failure to proceed with counsel bars "the remedy and does not extinguish the substantive right." Indeed as Defendants' observe, Rule 41(a), F.R.C.P., "makes clear that 'an adjudication upon the merits' in Rule 41(b) is ... a dismissal that prevents re-filing of the claim in the same court." *Id.* at 498; (See Docket Nos. 135, 136 at 13). Similarly, Plaintiff is free to sue on similar claims in Macau despite the procedural bar entered in this case preventing Plaintiff from re-filling in this Court.

It is undisputed that the parties never "actually litigated" any of the substantive claims surrounding the Macau license. *See Murray v. Alaska Airlines, Inc.,* 522 F.3d 920, 924; Restatement (Second) of Judgments § 27, cmt. E (1982) (the Ninth Circuit gives no preclusive effect to default judgments). Macau, as a separate sovereign, does not adhere to the Federal Rules of Civil Procedure and thus different procedural opportunities are available to Plaintiff in Macau. The dismissal in this case does not extinguish the substantive rights of Plaintiff to prosecute this action in another jurisdiction. As such, Plaintiff's lack of financial resources to prosecute the Nevada action does not trigger res judicata or have claim preclusive effect to

---

[1] The *Semtek International* case is instructive because the claim-preclusive effect of a federal court's dismissal "upon the merits" of a diversity action on state statute-of-limitations grounds is governed by a federal rule, which in turn (in diversity cases) incorporates the claim-preclusion law that would be applied by state courts in the State in which the federal court sits, the Maryland Court of Special Appeals erred in holding that the California federal court's dismissal "upon the merits" necessarily precluded the Maryland state-court action.

enjoin Plaintiff from proceeding independently with litigation in Macau.[2]

Further, Defendants' reliance on *In re Marino,* 181 F.3d 1142 (9th Cir. 1999), recognizes that dismissals based on statutes of limitations present unique considerations within the realm of claim preclusion as "they are not on the merits in the sense that the underlying substantive claim has been adjudicated." *Id.* at 1144. This Court also noted that "[t]he time bar does not in any way suggest that the substantive claim is not meritorious." *Id.* at 1145. The dismissal of Chapter 11 proceedings solely because it was filed too late did not create a res judicata bar to filing of a new nondischargeability complaint under Chapter 7. *Id.* at 1146. While recognizing that the ruling in *Marino* is, in certain respects, unique to the bankruptcy court, the dismissal of this action should similarly not be given claim preclusive effect as it was based on Plaintiff's failure to hire new counsel and is a procedural matter, and was not the result, of a determination that Plaintiff's substantive claims were not meritorious.

Based on the foregoing, the dismissal of Plaintiff's complaint in this action cannot be deemed an adjudication upon the merits for purposes of the doctrine of *res judicata*.

**C. Anti-Suit Injunctions Restraining Parties From Proceeding Concurrently in a Foreign Jurisdiction Does Not Exist Here And, Assuming It Did, Are Rarely Issued.**

*1. Legal Standard*

A federal court has the discretion to enter an anti-suit injunction enjoining parties before it from proceeding with a ***parallel*** action in a foreign country "in circumstances that are unjust." *E. & J. Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 989 (9th Cir.2006) ("Gallo"). In

---

[2] A party asserting *res judicata* must prove: (1) rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) substantially the same evidence is presented in the two actions; (3) the two suits involve infringement of the same right; and (4) the two suits arise out of the same transactional nucleus of facts. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1405 (9th Cir. 1993). Because of Plaintiff's failure to hire substitute counsel, the case was dismissed before establishing the substance of the claims. As a result, any resolution passing on the merits in the Macau action could not destroy the default nature underlying the dismissal in the Nevada action.

considering a motion to enjoin a party from pursuing a foreign proceeding, the traditional test for a preliminary injunction is inapt. *Id.* at 990–991. Instead, the Ninth Circuit has directed district courts to consider: "(1) whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined; (2) whether the foreign litigation would frustrate a policy of the forum issuing the injunction; and (3) whether the impact on comity would be tolerable." *Applied Med. Distrib. Corp. v. Surgical Co. BV,* 587 F.3d 909, 913 (9th Cir.2009) ("Applied Med.") (*citing Gallo,* 446 F.3d at 991, 994). The power to issue a foreign anti-suit injunction should be "used sparingly." *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League,* 652 F.2d 852, 855 (9th Cir.1981) ("Seattle Totems").

### *2. Parallel Proceedings Do Not Exist to Even Seek An Anti-Suit Injunction*

Defendants' legal authorities are inapplicable and relate primarily to cases where a party attempted to bring litigation in a foreign jurisdiction concurrently while the case was proceeding in the United States (which is not the case here).

In *Seattle Totems,* the Ninth Circuit affirmed the issuance of an anti-suit injunction against the defendants in an antitrust suit brought against the National Hockey League (NHL) which had sought to file a suit involving the same breach of contract claim in Canadian courts. *See Seattle Totems Hockey Club, Inc. v. National Hockey League,* 652 F.2d 852, 856 (9th Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982). The NHL, plaintiffs in the Canadian action, admitted that under Fed.R.Civ.P. 13(a) their contract claim would constitute a compulsory counterclaim in the antitrust lawsuit pending in the United States court. *Id.* at 853. However, Canadian law did not require that the defendant raise its compulsory counterclaim. *Id.* at 854. The Ninth Circuit found that the district court properly invoked Rule 13(a) to govern the pending litigation rather than Canadian law and held that the injunction against the Canadian suit was proper. *Id.* at 853–54.

The court in *Seattle Totems* cited as authority *In re Unterweser Reederei,* 428 F.2d 888, 896 (5th Cir. 1970), which affirmed the lower court's decision enjoining one of the parties from prosecuting in English courts a claim which had been pled as a counterclaim in the pending district court action. The court stated, "allowing simultaneous prosecution of the same action in a foreign forum thousands of miles away would result in 'inequitable hardship' and 'tend to frustrate and delay the speedy and efficient determination of the cause.'" *Id.* at 896.

The legal authority of *Gallo, Applied Med., Seattle Totem and Laker Airways* cited by Defendants all involved parallel proceedings. Even where such circumstances exists anti-suit injunctions "restraining litigants from proceeding in courts of independent countries are ***rarely*** issued." *Laker Airways Ltd. v. Sabena, Belgian World Airlines,* 731 F.2d 909, 926 (D.C.Cir.1984) (emphasis added).

### 3. There is Nothing to Indicate That This Court's Jurisdiction is Threatened

"Courts have a duty to protect their legitimately conferred jurisdiction to the extent necessary to provide full justice to litigants." *Laker Airways,* 731 F.2d at 927. Therefore, "when the action of a litigant in another forum threatens to paralyze the jurisdiction of the court, the court may consider the effectiveness and propriety of issuing an injunction against the litigant's participation in the foreign proceedings." *Gau Shan Co. v. Bankers Trust Co.,* 956 F.2d 1349, 1356 (6th Cir.1992) (noting that federal courts should not seek to convey a message that they have "little confidence in the foreign court's ability to adjudicate a given dispute fairly"). In light of this Court's jurisdiction concluding more than two (2) years earlier, the Macau litigation cannot "threaten to paralyze the jurisdiction of this Court." [3]

---

[3] In considering the first factor for an anti-suit injunction, the procedural nature of the dismissal by this Court, as discussed, *supra,* is not dispositive of the substantive claims in the Macau litigation. Also, the Defendants acknowledge that defendants in the Macau litigation Las Vegas Sands LLC, LVS (Nevada) International, and Venetian Macau, S.A. were not defendant parties in the Nevada action. (See Docket Nos. 135, 136 at 11).

Such threats to a court's jurisdiction, however, are quite unusual. A review of the case law reveals only two scenarios that have been held to threaten a court's jurisdiction. First, it has long been recognized that concurrent proceedings pose an inherent threat to a court's jurisdiction where the basis for that jurisdiction is *in rem* or *quasi in rem. See China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 36 (2d Cir.1987)*. Where jurisdiction is based on the presence of property within the court's jurisdictional boundaries, a concurrent proceeding in a foreign jurisdiction poses the danger that the foreign court will order the transfer of the property out of the jurisdictional boundaries of the first court, thus depriving it of jurisdiction over the matter. This concern, of course, is not present in this *in personam* proceeding.

Second, "[e]ven in *in personam* proceedings, if a foreign court is not merely proceeding in parallel but is attempting to carve out exclusive jurisdiction over the action, an injunction may also be necessary to protect the enjoining court's jurisdiction." *China Trade,* 837 F.2d at 36. This is the type of threat to jurisdiction that prompted the court in *Laker Airways* to issue an anti-suit injunction. *Laker Airways,* 731 F.2d at 915. The *Laker Airways* court concluded:

> Ordinarily antisuit injunctions are not properly invoked to preempt parallel proceedings on the same in personam claim in foreign tribunals. However, KLM and Sabena do not qualify under this general rule because the foreign action they seek to join is interdictory and not parallel. It was instituted by the foreign defendants for the sole purpose of terminating the United States claim.

*Id.*

The British Court of Appeals actually enjoined Laker from pursuing its claims against British defendants in a United States court under United States law. *Id.* Such a direct interference with the jurisdiction of the United States court justified the defensive issuance of an anti-suit injunction against the remaining defendants in the *Laker* case. *Id.*

This matter does not present parallel proceedings involving "property within the court's

boundaries" or where a threat exists from the Macau court to carve out "exclusive jurisdiction." Accordingly, an anti-suit injunction is inapplicable to this action.

### 4. *The Policy Against Avoiding Inconsistent Judgments, Forum Shopping and Engaging in Duplicative and Vexatious Litigations Does Not Exist Here As The Substantive Claims Were Never Actually Litigated.*

An anti-suit injunction may be appropriate when a party seeks to evade the forum's important policies by litigating before a foreign court. "While an injunction may be appropriate when a party attempts to evade compliance with a statute of the forum that effectuates important public policies, an injunction is not appropriate merely to prevent a party from seeking 'slight advantages in the substantive or procedural law to be applied in a foreign court.'" *China Trade,* 837 F.2d at 37 (*quoting Laker Airways,* 731 F.2d at 931 n. 73).

Assuming that parallel proceedings existed, principles of international comity require that foreign anti-suit injunctions should be issued only in the most compelling circumstances. As noted, the Nevada action concluded more than two (2) years earlier before adjudicating the substance of the claims now part of the Macau litigation. Notwithstanding, Defendants asks this Court to restrict the Macau court's ability to exercise its jurisdiction by enjoining Plaintiff from proceeding with its lawsuit in Macau.

Defendants make conclusory claims that the Macau litigation would frustrate the policy against "inconsistent judgments [and] forum shopping." (See Docket Nos. 135, 136 at 14). However, the general policies often associated with parallel proceedings of avoiding inconsistent judgments, forum shopping and engaging in duplicative and vexatious litigation do not exist here as the substantive claims were never actually litigated. As a result, the pending litigation in Macau does not frustrate these general policies or undermines the Federal Rules of Civil Procedure requiring that a corporate entity is represented by counsel. In particular, Plaintiff's choice to maintain a lawsuit independently in Macau does not frustrate this Court's ability to

adjudicate the substantive claims since the case has been procedurally barred more than two (2) years earlier.

## CONCLUSION

Notably, Defendants never asserted the nature of this Court's jurisdiction in its moving papers to even consider injunctive relief after this matter has been dismissed two (2) years earlier. Moreover, the procedural nature of the dismissal for lack of counsel does not carry claim preclusive effect in other jurisdictions, such as Macau, especially where the substantive claims have yet to be actually litigated. Even assuming jurisdiction, the *Gallo* factors necessary to determine injunctive relief do not apply because parallel proceedings do not exist.

Accordingly, assuming this Court did not lack jurisdiction over the parties there is no legal basis to even consider the rarely issued anti-suit injunction.

Respectfully submitted,

 */s/ Ross C. Goodman, Esq.*
Ross C. Goodman, Esq.
**Nevada State Bar No. 7722**
Goodman Law Group
520 South Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
Telephone:  (702) 383-5088
Facsimile:  (702) 385-5088

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

Steve Morris
sm@morrislawgroup.com

Ryan M. Lower
rml@morrislawgroup.com

Kathryn S. Zecca
kzecca@robbinsrussell.com

Richard A. Sauber
rsauber@robbinsrussell.com

                                            /s/ Ross C. Goodman, Esq.
                                            Ross C. Goodman, Esq.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088