# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ASIAN AMERICAN ENTERTAIN-
MENT CORPORATION, LIMITED, a
Macau Corporation,

        Plaintiff,

v.

LAS VEGAS SANDS, INC., et al.,

        Defendants.

2:07-CV-00144 JCM (PAL)

## ORDER

Presently before the court is defendant Las Vegas Sands, Inc., Venetian Casino Resorts, LLC, and Venetian Venture Development, LLC's motion for preliminary and permanent injunction. (Docs. #135 and #136). Plaintiff Asian American Entertainment Corporation, Limited has filed an opposition to the motion (doc. #144), to which defendants have replied (doc. #145 and #146).

After reviewing the papers on record, the court finds it appropriate to deny the instant motion.

**Background Facts**

This case originally stemmed from an alleged breach of contract between plaintiff and defendants. (Doc. #1). The case was dismissed on April 16, 2010, when the undersigned adopted Magistrate Judge Leen's report and recommendation dismissing the case. The dismissal was based on plaintiff's failure to prosecute the case as well as failure to obey a court order (the plaintiff had failed to retain counsel, despite being given nearly three-months to do so).

**James C. Mahan**
**U.S. District Judge**

During the two years since this case was dismissed with prejudice, the court's docket does not reflect any activity by either plaintiff or defendants. Two years after the dismissal, however, defendants have asked this court to reopen the case and enjoin plaintiff from initiating and litigating a suit in the Judiciary Council of Macau.[1]

**Discussion**

Federal courts are generally reluctant to inject themselves in the proceedings of the courts of other sovereign nations. *See Microsoft Corp. v. Lindows.com, Inc.*, 319 F. Supp. 2d 1219, 1221 (W.D. Wash. 2004). Although federal courts retain the power to issue anti-suit injunctions, thereby halting foreign litigation, this power is exercised with extreme caution and should be "used sparingly." *See Seattle Totems Hockey Club v. Nat'l Hockey League*, 652 F.2d 852, 855 (9th Cir. 1981).

An injunction is appropriate only in cases where the parties and issues are the same, and resolution of the U.S. action is dispositive of the foreign action. *Applied Medical Distrib. Corp. v. The Surgical Co. BV*, 587 F.3d 909, 914 (9th. Cir. 2009); *Sun World, Inc. v. Lizarazu Olivarria*, 804 F.Supp. 1264, 1267 (E.D. Cal. 1992). Once these initial requirements are met, the court must determine if the foreign litigation would "(1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's in rem or quasi in rem jurisdiction; or (4) where the proceedings prejudice other equitable considerations." *Seattle Totems*, 652 F.2d at 855.[2] If any of these factors are present, the court may issue an anti-suit injunction.

---

[1] This court is cognizant of plaintiff's argument that the court lacks jurisdiction to even consider the instant motion. *See* Mot. at 2:21-25 (citing *SFPP, L.P. v. Dist. Ct.*, 123 Nev. 608, 612 (2007) ("once a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure.")). Leaving aside the obvious fact that the argument is citing state, as opposed to federal law, the court is inclined to follow such an approach, had a final judgment been issued. No final judgment pursuant to Fed. R. Civ. P. 58, however, was entered on the docket.

[2] In addition to these four factors, a court may also look to see if separate adjudications could result in: (1) inconsistent rulings or a "race to judgment"; (2) unnecessary delay; (3) substantial inconvenience to the parties and witnesses; or (4) potential prejudice to one party or the other. *Seattle Totems*, 652 F.2d at 856.

James C. Mahan
U.S. District Judge

As is apparent from the legal standards this court must apply in resolving defendant's request, anti-suit injunctions are primarily aimed at halting *parallel* litigation. That is to say, anti-suit injunctions are aimed at stopping the prosecution of simultaneous suits. *See, e.g., Microsoft Corp. v. Lindows.com, Inc.*, 319 F. Supp. 2d at 1224 (denying to enjoin parallel litigation in eight foreign jurisdictions); *see also, Dependable Highway Exp. Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1070 (9th. Cir. 2007) (denying to enjoin parallel arbitration in England).

Defendants cite to a number of cases that purport to support the entry of anti-suit injunction. Def.'s Reply at 3:9–18. Most of the cases cite pertain to enjoining litigation following a substantive adjudication on the merits. *See e.g. Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 928–30 (D.C. Cir. 1984) (finding that a court may protect its ruling after a final adjudication on the merits); *Karaha Bodas Co. v. Persuahaan Pert Ambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 120 (2007) (finding that anti-suit injunction protects against adjudicated claims).

Defendants rely heavily on *Home Healthcare Affiliates of Mississippi, Inc. v. N. Am. Indem. N.V.* to support the contention that "failure to prosecute" is an adjudication on the merits. The court in that case, however, discussed simultaneous litigation. *See Id.* at 2003 WL 22244382, at *4.

In contrast, the suit to be enjoined here was instituted *two years* after this court entered its order dismissing the case. Thus the suit is not parallel and simultaneous, but a subsequent proceeding involving the same parties and claims. Moreover, as is clear from the docket, this court's order was not an order on the merits. The court never reached the underlying substance of plaintiff's complaint, but instead dismissed pursuant to Fed. R. Civ. P. 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) (explaining distinction between dismissal "upon the merits" and "adjudication upon the merits" and finding that "Rule 41(b) sets forth nothing more than a default rule for determining the import of dismissal."). This court does not find that its procedural dismissal dictates that a foreign suit be precluded.

In *Semtek*, dismissal on statute of limitations grounds was insufficient for preclusive effect. This court's dismissal was based on the similar procedural defect of failing to prosecute. Where the dismissal order in *Semtek* was insufficient to preclude a subsequent suit, this court finds no reason

**James C. Mahan**
**U.S. District Judge**

- 3 -

to preclude a subsequent suit on the basis of its 41(b) dismissal order.  Moreover, as none of the other policies reasons identified in *Seattle Totems* is apparent, the court finds it inappropriate to issue an anti-suit injunction.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Las Vegas Sands' motions for a preliminary and permanent injunction (docs. #135 and #136) be, and the same hereby are, DENIED.

DATED this 14th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -